J. Ronald Brooke, Jr.
(202) 326-3484; jbrooke@ftc.gov
Miry Kim (WA Bar No. 31456)
(202) 326-3622; mkim@ftc.gov
Elsie Kappler (MA Bar No. 562265)
(202) 326-2466; ekappler@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-6316
Washington, DC 20580

David Hankin
(Local Counsel)
CA Bar No. 319825; dhankin@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4317; Fax: (310) 824-4380

Attorneys for Plaintiff
Federal Trade Commission

[Additional Attorneys for Plaintiffs and Defendants Listed on Signature Pages]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission and the States of Arkansas; California; Colorado; Connecticut; Delaware; Florida; Georgia; Illinois; Indiana; Maryland; New York; North Carolina; Oklahoma; Oregon; South Carolina; Utah; Virginia; West Virginia; and Wisconsin**, <br><br> Plaintiffs, <br><br> v. <br><br> **Kars-R-Us.com, Inc.**, a corporation also doing business as Donate Car 2 Veterans and Donation2Charity.com; | No. 2:25-cv-09150 <br><br> **STIPULATION AS TO ENTRY OF ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

1

2

**Michael Irwin**, individually and as an
officer of Kars-R-Us.com, Inc.; and

3

**Lisa Frank**, individually and as an
officer of Kars-R-Us.com, Inc.,

4

5

Defendants.

6

7       Plaintiffs, the Federal Trade Commission ("FTC"); the Attorneys General of

8   the states of Arkansas, California, Colorado, Connecticut, Delaware, Florida,

9   Georgia, Illinois, Indiana, Maryland, New York, North Carolina, Oklahoma,

10  Oregon, Utah, Virginia, West Virginia, and Wisconsin; the Secretary of State of

11  Maryland; the Secretary of State of North Carolina; the Secretary of State of South

12  Carolina; and the Utah Division of Consumer Protection (collectively "Plaintiffs"),

13  filed their Complaint for Permanent Injunction and Other Relief ( "Complaint"),

14  for a permanent injunction, monetary judgment, and other relief in this matter,

15  pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15

16  U.S.C. §53(b), and pursuant to the following legal authorities of the State

17  Plaintiffs:

18

| STATE | STATUTORY AUTHORITY |
|---|---|
| Arkansas | Ark. Code Ann. § 4-28-412, Ark. Code Ann. § 4-28-416, and Ark. Code Ann. §§ 4-88-101 et seq. |
| California | Cal. Bus. & Prof. Code §§ 17200 - 17209, 17510 - 17510.95; Cal. Gov. Code §§ 12580 - 12599.10. |
| Colorado | Colo. Rev. Stat. §§ 6-1-110 to 113 |
| Connecticut | Conn. Gen. Stat. § 3-125; Conn. Gen. Stat. § 21a-190l(b); Conn. Gen. Stat. § 42-110m(a) |
| Delaware | 6 *Del. C.* § 2595(a) and 6 *Del. C.* § 2513(a). |

19

20

21

22

23

24

25

26

27

28

2

| Florida | Florida Chapter 501, Part II, Florida Statutes (2024), Chapter 496, Florida Statutes (2024). |
| --- | --- |
| Georgia | GA. CODE ANN. § 10-1-390 – 408. |
| Illinois | 225 Ill. Comp. Stat. §§ 460/0.01 through 460/23. |
| Indiana | IND. CODE §§ 23-7-8-1 through -9; and 24-5-0.5-1 through -12 |
| Maryland | MD. CODE ANN., BUS. REG. §§ 6-101 through 6-701 (LexisNexis 2024). |
| New York | N.Y. Executive Law §§ 171-a through 175, and 63(12); N.Y. Gen. Bus. Law § 349 |
| North Carolina | N.C. Gen. Stat. §§ 75-1.1 *et seq.*; N.C.G.S. 131F-20(1), (9), (10), (15), (18); 131F-21; 131F-23; 131F-24. |
| Oklahoma | OKLA. STAT. tit. 18 §§ 552.1 through 552.24 (West) |
| Oregon | OR. REV. STAT. §§128.801 through 128.898, 646.605 through 646.642, and 180.060(7) |
| South Carolina | S.C. CODE ANN. §§ 33-56-10 through 33-56-200. |
| Utah | UTAH CODE ANN. §§13-22-1 through 13-22-23; 13-26-1 through 13-26-11; and 13-11-1 through 13-11-23. |
| Virginia | VA. CODE ANN. §§ 57-48 through 57-69 |
| West Virginia | W.Va. Code §§ 29-19-1, -15b; and W.Va. Code § 46A-1-101 through 46A-6-110 |
| Wisconsin | WIS. STAT. §§ 202.01 through 202.18 |

Plaintiffs and Defendants stipulate to the entry of Stipulated Order For Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

3

1

**FINDINGS**

2    1.    This Court has jurisdiction over this matter.

3    2.    The Complaint charges that Defendants participated in deceptive acts

4 or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the laws

5 of the State Plaintiffs referenced above by misrepresenting, and failing to support

6 claims that, Donors' vehicle Contributions to Defendant Kars-R-Us.com would be

7 used to support United Breast Cancer Foundation, Inc.'s ("United Breast Cancer

8 Foundation") breast screening services.

9    3.    Defendants neither admit nor deny any of the allegations in the

10 Complaint, except as specifically stated in this Order.  Only for purposes of this

11 action, Defendants admit the facts necessary to establish jurisdiction.

12    4.    Defendants waive any claim that they may have under the Equal

13 Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action

14 through the date of this Order, and agree to bear their own costs and attorney fees.

15    5.    Defendants and the Commission and State Plaintiffs waive all rights

16 to appeal or otherwise challenge or contest the validity of this Order.

17

**DEFINITIONS**

18 For the purpose of this Order, the following definitions apply:

19    A.    "**Contribution**" means any donation or gift of money or any other

20 thing of value, including motorized and other vehicles.

21    B.    "**Defendants**" means Lisa Frank, Michael Irwin, and the Corporate

22 Defendant, individually, collectively, or in any combination.

23    1. "**Corporate Defendant**" means KARS-R-US.COM, Inc. also

24        doing business as DONATE CAR 2 VETERANS and

25        DONATION2CHARITY.COM and its successors and assigns.

26    2. "**Individual Defendants**" means Michael Irwin and Lisa Frank.

27

28

4

1    C.    "**Donor**" means any Person solicited to make, or who makes a

2    Contribution.

3    D.    "**Fundrais(e)(ing)**" means a plan, program, or campaign that is

4    conducted to induce Contributions, including donations of motorized or other

5    vehicles, by any means, including face-to-face, mail, telephone, electronic mail,

6    social media, television, or radio.

7    E.    "**Fundraising Services**" means providing assistance in Fundraising,

8    directly or indirectly, including by advising, assisting, acting as a broker,

9    independent contractor or fundraising consultant, investing, planning, supplying or

10    arranging for the supply of contact or Donor lists, arranging for any Person to

11    affiliate with any Person for the purpose of Fundraising, or providing or arranging

12    for the provision of marketing services (e.g., creating or advising on solicitation

13    materials), printing, customer service, caging, escrow, payment processing, mail

14    processing, or fulfillment services in connection with Fundraising.

15    F.    "**Fundraising Materials**" means initial, rebuttal, and other scripts;

16    frequently asked questions (e.g. FAQs); brochures; or advertisements disseminated

17    by any means, including face-to-face, mail, telephone, electronic mail, social

18    media, television, or radio.

19    G.    "**Nonprofit Organization**" means any Person that is, or is

20    represented to be, a nonprofit entity or that has, or is represented to have, a

21    charitable purpose, specifically including any entity that purports to benefit, either

22    in whole or in part, individuals who suffer from any illness or disease, or their

23    families, or screen for or prevent any illness or disease.

24    H.    "**Person**" means any individual, group, organization, unincorporated

25    association, limited or general partnership, corporation, or other legal entity,

26    including a Nonprofit Organization.

27

28

I.      "**State Plaintiffs**" means the Attorneys General of the states of Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Maryland, New York, North Carolina, Oklahoma, Oregon, Utah, Virginia, West Virginia, and Wisconsin; the Secretary of State of Maryland; the Secretary of State of North Carolina; the Secretary of State of South Carolina; and the Utah Division of Consumer Protection.

J.      "**United Breast Cancer Foundation**" means United Breast Cancer Foundation, Inc., and its successors and assigns.

## ORDER

## I.      PROHIBITION ON FUNDRAISING

### (As to Defendant Irwin)

IT IS ORDERED that Defendant Irwin is permanently restrained and enjoined from Fundraising or providing Fundraising Services to any Person, whether directly or indirectly.  This prohibition includes controlling, directly or indirectly, or holding an ownership in, any entity engaged in Fundraising or the provision of Fundraising Services.

*Provided, however, that*, subject to the limitations of this Section I, Defendant Irwin may be employed by or volunteer for any Nonprofit Organization in any capacity not prohibited by the above, such as working in any non-supervisory role unrelated to the solicitation, management, custody, control, or distribution of any charitable asset or Contribution.

## II.      PROHIBITION AGAINST MISREPRESENTATIONS

### (As to Defendant Irwin)

IT IS FURTHER ORDERED that Defendant Irwin, his officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, selling,

or distribution of any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact.

### III.    PROHIBITION AGAINST MISREPRESENTATIONS
### (As to Defendants Frank and Kars-R-Us.com)

IT IS FURTHER ORDERED that Defendants Frank and Kars-R-Us.com, their officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Fundraising, or advertising, marketing, promotion, offering for sale, selling, or distribution of any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.    The Person, program, cause, or purpose that a Contribution will support, including but not limited to any false or misleading representation that funds will be used to provide free or low-cost breast cancer screening;

B.    The percentage or amount of any Contribution that will go, or has previously been applied, to:

      1.    Any services or activities that are the subject of the solicitation, such as cancer screening services; or

      2.    Any Person on whose behalf Defendants Frank and Kars-R-Us.com are Fundraising;

C.    Any fact material to Donors' decisions concerning any good or service, or the use of a Contribution.

1   **IV.       PROHIBITION AGAINST FAILING TO SUBSTANTIATE ANY**
2   **CLAIMS**
3   **(As to Defendants Frank and Kars-R-Us.com)**
4        IT IS FURTHER ORDERED that Defendants Frank and Kars-R-Us.com,
5   their officers, agents, employees, and all other persons in active concert or
6   participation with any of them, who receive actual notice of this Order, whether
7   acting directly or indirectly, in connection with Fundraising, are permanently
8   restrained and enjoined from failing to ascertain and document, before entering
9   into any agreement to solicit, or continuing to solicit, for any Nonprofit
10  Organization, and again every year until Defendants Frank and Kars-R-Us.com
11  stop soliciting for the Nonprofit Organization:
12       A.      That all Fundraising Materials used by Defendants Frank and Kars-R-
13  Us.com for the Nonprofit Organization or other Person, do not misrepresent:
14            1.  The identity of the Fundraiser;
15            2.  The Person, program, or purpose funded by a Contribution;
16            3.  The geographic area or areas within which any of a Nonprofit
17               Organization or other Person's programs or services are provided;
18               and
19            4.  The percentage or amount of any Contribution to the Nonprofit
20               Organization or other Person that will be, or has previously been,
21               applied to the charitable purpose.
22       B.      That any Person that is represented to be a Nonprofit Organization on
23  behalf of whom Defendants Frank and Kars-R-Us.com are Fundraising is
24  registered in any state in which Defendants Frank and Kars-R-Us.com conduct
25  Fundraising on such Person's behalf if that state requires such registration, and that
26  such Person operates consistently with its stated purpose;
27
28

C.    That Defendants Frank and Kars-R-Us.com are contractually authorized by any Person that is represented to be a Nonprofit Organization on behalf of whom Defendants Frank and Kars-R-Us.com are Fundraising to solicit in each state where Defendants Frank and Kars-R-Us.com conduct Fundraising;

D.    That the Nonprofit Organization or other Person has provided the programs or services described in the Fundraising Materials used by Defendants Frank and Kars-R-Us.com for the Nonprofit Organization or other Person during the most recent fiscal or calendar year.  If those programs or services were not described in the Nonprofit Organization's most recently filed Form 990 or other tax return with the Internal Revenue Service, substantiation shall be sufficient if the Nonprofit Organization or other Person provides to Defendants Frank and Kars-R-Us.com an attestation in writing to the accuracy of the statements in the Fundraising Materials, supported by documentation such as the Nonprofit Organization or other Person's written plan or itemized budget for delivering these benefits during the current calendar or fiscal year.

E.    That more than an incidental amount of the Contributions received by the Nonprofit Organization or other Person are spent on the programs or services described in the Fundraising Materials used by Defendants Frank and Kars-R-Us.com during the most recent fiscal or calendar year, including by reviewing a financial statement of the Nonprofit Organization or other Person for each year and accounting period during the past three calendar or fiscal years (or for the period of the organization's operation, if less than two years) or, if the Nonprofit or other Person has filed a Form 990 or other tax return with the Internal Revenue Service at any time during the past three calendar or fiscal years, by reviewing copies of each Form 990 or other tax return filed by or on behalf of the Nonprofit Organization or other Person during that time, *provided that*, if such programs or services will be or have been provided for the first time during the current calendar

9

1   or fiscal year, the substantiation shall be sufficient if it identifies or describes the

2   program's intended beneficiaries and intended local communities and includes the

3   organization's written plan and itemized budget for delivering these benefits during

4   the current calendar or fiscal year.

5   

**V.      COMPLIANCE WITH STATE LAW**

6       IT IS FURTHER ORDERED that Defendants, their officers, agents,

7   employees, and all other persons in active concert or participation with any of

8   them, who receive actual notice of this Order, whether acting directly or indirectly,

9   in connection with the advertising, marketing, promotion, offering for sale, selling,

10   or distribution of any good or service, are permanently restrained and enjoined

11   from violating, causing others to violate, or assisting others in violating any

12   provision of the following state laws:

| STATE | STATUTORY AUTHORITY |
|---|---|
| Arkansas | Ark. Code Ann. § 4-28-412, Ark. Code Ann. § 4-28-416, and Ark. Code Ann. §§ 4-88-101 et seq. |
| California | Cal. Bus. & Prof. Code §§ 17200 - 17209, 17510 - 17510.95; Cal. Gov. Code §§ 12580 - 12599.10. |
| Colorado | Colo. Rev. Stat. §§ 6-1-101 through 115; and §§ 6-16-101 through 114. |
| Connecticut | Conn. Gen. Stat. § 21a-190h(1) and (2); Conn. Gen. Stat. § 42-110b(a) |
| Delaware | 6 Del. C. § 2595(a) and 6 Del. C. § 2513(a) |
| Florida | Chapter 501, Part II, Florida Statutes (2024); Chapter 496, Florida Statutes (2024). |
| Georgia | GA. CODE ANN. § 10-1-390 – 408. |
| Illinois | 225 Ill. Comp. Stat. §§ 460/0.01 through 460/23. |

10

| Indiana | IND. CODE §§ 23-7-8-1 through -9; and 24-5-0.5-1 through -12 |
| Maryland | MD. CODE ANN., BUS. REG. §§ 6-101 through 6-701 (LexisNexis 2024). |
| New York | N.Y. Executive Law §§ 171-a through 175, and 63(12); N.Y. Gen. Bus. Law § 349. |
| North Carolina | N.C. Gen. Stat. §§ 75-14, 75-15.1, and 131F-1 to 131F-33 |
| Oklahoma | OKLA. STAT. ANN. tit. 18 §§ 552.1 through 552.22 (West) |
| Oregon | OR. REV. STAT. §§128.886; and 646.605 through 646.636 |
| South Carolina | S.C. CODE ANN. §§ 33-56-10 through 33-56-200. |
| Utah | UTAH CODE ANN. §§13-22-1 through 13-22-23; 13-26-1 through 13-26-11; and 13-11-1 through 13-11-23. |
| Virginia | VA. CODE ANN. §§ 57-48 through 57-69 |
| West Virginia | W.Va. Code §§ 29-19-1, -15b; and W.Va. Code § 46A-1-101 through 46A-6-110 |
| Wisconsin | WIS. STAT. §§ 202.01 through 202.18 |

*Provided further*, the State Plaintiffs, except for the Colorado Attorney General's Office, agree that the Defendants' stipulating to this Order or entering into any other settlement agreement arising from the operative facts and conduct alleged in the Complaint and containing the same or similar injunctive prohibitions related to Fundraising shall not, separately or collectively, serve solely as the basis to enforce state statutory provisions that deny, suspend, revoke, or prohibit Defendants Kars-R-Us.com and Frank from Fundraising in their respective states. Defendants Kars-R-Us.com and Frank shall voluntarily withdraw their registrations in Colorado within 14 days of the entry of this Order for a period of not less than five years.  The Colorado Attorney General's Office shall not take any

1    administrative action against Defendants Kars-R-Us.com and Frank based on their

2    voluntary withdrawal of their Colorado registrations as described above.

3    ## VI.    DONOR INFORMATION

4    IT IS FURTHER ORDERED that Defendants, their officers, agents,

5    employees, and all other persons in active concert or participation with any of

6    them, who receive actual notice of this Order, are permanently restrained and

7    enjoined from, directly or indirectly, disclosing, using, or benefitting from any

8    information about any Donor to United Breast Cancer Foundation solicited by

9    Defendants, including the name, address, telephone number, email address, Social

10    Security number, other identifying information, or any data that enables access to a

11    Donor's account (including a credit card, bank account, or other financial account),

12    that any Defendant obtained prior to entry of the Order;

13    Provided, however, that Donor information may be disclosed or used:

14    1.    for the limited and sole purpose of assisting prior donors to

15    United Breast Cancer Foundation with any legal or tax issues pertaining to

16    their donated vehicle; or

17    2.    to the extent requested by a government agency or required by

18    law, regulation, or court order.

19

20    ## VII.    COOPERATION

21    IT IS FURTHER ORDERED that Defendants must fully cooperate with

22    representatives of Plaintiffs in this case and in any investigation related to or

23    associated with the transactions or the occurrences that are the subject of the

24    Complaint.  Defendants must provide truthful and complete information, evidence,

25    and testimony.  Individual Defendants must appear and Corporate Defendant "must

26    cause its officers, employees, representatives, or agents to appear" for interviews,

27    discovery, hearings, trials, and any other proceedings that a Plaintiff representative

28

may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff representative may designate, without the service of a subpoena.

### VIII.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of **Three Million Eight Hundred Eighty-Two Thousand and Ninety One Dollars ($3,882,091)** is entered in favor of Plaintiffs against Individual Defendants and Corporate Defendant, jointly and severally, as equitable monetary relief.

B.    Defendants shall pay **Five Hundred Fifty Thousand Dollars ($550,000)**, of this sum within ten (10) calendar days of entry of the Order.  This sum will be paid to one or more charities whose mission or purpose is consistent with the purported mission or purpose of United Breast Cancer Foundation as a Contribution as set forth below, following subsequent motion by the State Plaintiffs and order of this Court.

C.    Defendants stipulate that their undersigned counsel holds the monies owed for the payment pursuant to Paragraph VIII.B in a client trust account for no purpose other than payment to the Florida Department of Legal Affairs Escrow Fund ("Florida Escrow Fund").

D.    The monies owed by Defendants and held in a client trust account by their undersigned counsel shall be transferred within ten (10) calendar days of entry of the Order to the Florida Escrow Fund, which shall hold this amount for no purpose other than future payment to one or more charities as a Contribution, unless otherwise ordered by this Court.  This transfer shall be made by wire transfer, cashier's check, or other certified funds made payable to the "Florida Department of Legal Affairs Escrow Fund."

1    E.     Upon completion of the payment described in Paragraph VIII.B, the

2    remainder of the judgment is suspended as to all Defendants, subject to Paragraphs

3    VIII.F and VIII.G.

4    F.     Plaintiffs' agreement to the suspension of part of the judgment is

5    expressly premised upon the truthfulness, accuracy, and completeness of

6    Defendants' sworn financial statements and related documents (collectively,

7    financial representations") submitted to the Commission, namely:

8         1.     the Financial Statement of Kars-R-Us.com, Inc., executed on

9    January 9, 2025, and attachments thereto;

10        2.     the Financial Statement of Individual Defendant Lisa Frank

11   signed on February 14, 2025, including the attachments;

12        3.     the email from Defendants' counsel dated March 28, 2025; and

13        4.     the Financial Statement of Individual Defendant Michael Irwin

14   signed on February 14, 2025, including the attachments.

15   G.     The suspension of the judgment will be lifted as to any Defendant if,

16   upon motion by any Plaintiff, the Court finds that Defendant failed to disclose any

17   material asset, materially misstated the value of any asset, or made any other

18   material misstatement or omission in the financial representations identified above.

19   H.     If the suspension of the judgment is lifted, the judgment becomes

20   immediately due as to that Defendant in the amount specified in Subsection A

21   above, less any payment previously made pursuant to this Section, plus interest

22   computed from the date of entry of this Order.  Such payments shall be made by

23   wire transfer, cashier's check, or other certified funds made payable to the "Florida

24   Department of Legal Affairs Escrow Fund."  If the Court has approved one or more

25   charities to receive a Contribution pursuant to Paragraph VIII.I then any such

26   payments shall be made to the approved charities.

27

28

I.     The State Plaintiffs shall identify one or more charities to recommend to this Court as suitable to receive a Contribution.  Within one hundred eighty (180) calendar days of entry of the Order, the State Plaintiffs shall submit to this Court a motion and proposed order recommending one or more recipients for the Contribution, the amount to be paid to any approved recipient, and the manner and timeframe for such payment.  All monies paid by Defendants and held in the Florida Escrow Fund shall be distributed only as authorized and directed by this Court.  Defendants shall have no right to challenge any recommendations regarding any Contribution or monetary distribution made by the State Plaintiffs.

J.     Defendants understand that any Contribution to a charity described herein is being made in lieu of customer restitution and not on behalf of Defendants.  Therefore, Defendants stipulate that they will not claim any tax deduction, credit, or other benefit related to any Contribution to a charity discussed in the Order.

K.     The North Carolina Attorney General and the North Carolina Secretary of State shall be excluded from this Section VIII.

## IX.     ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of any Plaintiff, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to

1    sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the

2    Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral

3    estoppel effect for such purposes.

4         D.    Each Defendant acknowledges that Defendant's Employer

5    Identification Number, Social Security Number, or other Taxpayer Identification

6    Number ("TIN"), including all TINs that Defendants previously provided, may be

7    used by the Plaintiffs for reporting and other lawful purposes, including collecting

8    on any delinquent amount arising out of this Order in accordance with 31 U.S.C.

9    §7701.

10         **X.    ORDER ACKNOWLEDGMENTS**

11        IT IS FURTHER ORDERED that Defendants obtain acknowledgments of

12    receipt of this Order:

13         A.    Each Defendant, within 7 days of entry of this Order, must submit to

14    the Commission an acknowledgment of receipt of this Order sworn under penalty

15    of perjury.

16         B.    For 5 years after entry of this Order, each Individual Defendant for

17    any business that such Defendant, individually or collectively with any other

18    Defendants, is the majority owner or controls directly or indirectly, and the

19    Corporate Defendant, must deliver a copy of this Order to:  (1) all principals,

20    officers, directors, and LLC managers and members; (2) all employees having

21    managerial responsibilities for conduct related to the subject matter of the Order

22    and all agents and representatives who participate in conduct related to the subject

23    matter of the Order; and (3) any business entity resulting from any change in

24    structure as set forth in the Section titled Compliance Reporting.  Delivery must

25    occur within 7 days of entry of this Order for current personnel.  For all others,

26    delivery must occur before they assume their responsibilities.

27         C.    From each individual or entity to which a Defendant delivered a copy

28

1  of this Order, that Defendant must obtain, within 30 days, a signed and dated

2  acknowledgment of receipt of this Order.

3                    **XI.        COMPLIANCE REPORTING**

4          IT IS FURTHER ORDERED that Defendants make timely submissions to

5  the Commission and, on behalf of State Plaintiffs, to the California Department of

6  Justice, Office of the Attorney General ("California Department of Justice"),

7  according to the following terms:

8          A.     One year after entry of this Order, each Defendant must submit a

9  compliance report, sworn under penalty of perjury:

10                 1.     Each Defendant must:  (a) identify the primary physical, postal,

11         and email address and telephone number, as designated points of contact,

12         which representatives of the Commission and State Plaintiffs may use to

13         communicate with Defendant; (b) identify all of that Defendant's businesses

14         by all of their names, telephone numbers, and physical, postal, email, and

15         Internet addresses; (c) describe the activities of each business, including the

16         goods and services advertised, marketed, promoted, offered, sold, or

17         distributed, and the involvement of any Defendant (which Defendants must

18         describe if they know or should know due to their own involvement); (d)

19         describe in detail whether and how that Defendant is in compliance with

20         each Section of this Order; and (e) provide a copy of each Order

21         Acknowledgment obtained pursuant to this Order, unless previously

22         submitted to the Commission.

23                 2.     Additionally, each Individual Defendant must:  (a) identify all

24         telephone numbers and all physical, postal, email and Internet addresses,

25         including all residences; (b) identify all business activities, including any

26         business for which such Defendant performs services whether as an

27         employee or otherwise and any entity in which such Defendant has any

28

ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission and California Department of Justice notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1  Executed on: _____" and supplying the date, signatory's full name, title (if

2  applicable), and signature.

3      E.    Unless otherwise directed by a Commission representative in writing,

4  all submissions to the Commission pursuant to this Order must be emailed to

5  DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

6  Associate Director for Enforcement, Bureau of Consumer Protection, Federal

7  Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The

8  subject line must begin:  FTC et al. v. Kars-R-Us.com, Inc., et al., Matter No.

9  2523067.

10      F.    Unless otherwise directed by a representative of the California

11  Department of Justice, all submissions to California Department of Justice

12  pursuant to this Order must be emailed to juan.rodriguez@doj.ca.gov (email

13  address) or sent to:

14          California Department of Justice

15          Office of the Attorney General

16          Charitable Trusts Section

17          300 South Spring Street, Suite 1702

18          Los Angeles, CA 90013

19  The subject line must begin:  FTC et al. v. Kars-R-Us.com, Inc., et al.

20      G.    Defendants expressly consent to the sharing of any and all documents

21  submitted as part of their compliance reporting to any Plaintiff with all other

22  Plaintiffs.

23                    **XII.    RECORDKEEPING**

24      IT IS FURTHER ORDERED that Defendants must create certain records for

25  10 years after entry of the Order, and retain each such record for 5 years, unless

26  state law requires the retention of such record for a period longer than 5 years, in

27  which case the state law shall govern the record retention period in that state.

28

1    Specifically, Corporate Defendant and each Individual Defendant for any business

2    that such Defendant, individually or collectively with any other Defendants, is a

3    majority owner or controls directly or indirectly, must create and retain the

4    following records:

5          A.    accounting records showing the revenues from sales on behalf of any

6    other Person;

7          B.    personnel records showing, for each person providing services,

8    whether as an employee or otherwise, that person's:  name; addresses; telephone

9    numbers; job title or position; dates of service; and (if applicable) the reason for

10   termination;

11         C.    records of all complaints and refund requests, whether received

12   directly or indirectly, such as through a third party, and any response;

13         D.    all records necessary to demonstrate full compliance with each

14   provision of this Order, including all submissions to the Commission and the

15   California Department of Justice; and

16         E.    a copy of each unique advertisement, charitable solicitation, or other

17   marketing material.

18              **XIII.    COMPLIANCE MONITORING**

19         IT IS FURTHER ORDERED that, for the purpose of monitoring

20   Defendants' compliance with this Order:

21         A.    Within 14 days of receipt of a written request from a representative of

22   any Plaintiff, each Defendant must:  submit additional compliance reports or other

23   requested information, which must be sworn under penalty of perjury; appear for

24   depositions; and produce documents for inspection and copying.  Each Plaintiff is

25   also authorized to obtain discovery, without further leave of court, using any of the

26   procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including

27   depositions by remote means), 31, 33, 34, 36, 45, and 69.

28

B. For matters concerning this Order, each Plaintiff is authorized to communicate directly with each Defendant. Defendants must permit representatives of any Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. Any Plaintiff may use all other lawful means, including posing, through its representatives as Donors, consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of any Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIV.    STATE COURT ENFORCEMENT

IT IS FURTHER ORDERED that, without limiting any other provisions of the Order, each State Plaintiff shall have the authority to enforce or seek sanctions for violations of the Order independently in a court of general jurisdiction in its state, if that State Plaintiff has reason to believe that Persons in its state have been or will be affected. No approval from any other Plaintiff is required. Defendants consent to any such state court's jurisdiction for purposes of enforcing the terms of the Order.

## XV.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

1

2    **SO STIPULATED AND AGREED:**

3    **FEDERAL TRADE COMMISSION**

4

5

6    *Elsie B. Kappler*                    Date: *Sept. 25, 2025*

7    J. Ronald Brooke, Jr.
     Miry Kim
8    Elsie Kappler
9    Attorneys
     Federal Trade Commission
10   600 Pennsylvania Ave. NW
     Washington, DC 20580
11   jbrooke@ftc.gov
12   (202) 326-3484
     mkim@ftc.gov
13   (202) 326-3622
14   ekappler@ftc.gov
     (202) 326-2466
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  **FOR THE STATE OF ARKANSAS:**

3

4  _____    Date: 09-11-2025

5  Jared Davis Self (2022148)

6  Assistant Attorney General
   Bob R. Brooks Jr. Justice Building

7  101 West Capitol Avenue
   Little Rock, AR 72201

8  (501) 682-8063
   Jared.Self@ArkansasAG.gov

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**FOR THE STATE OF CALIFORNIA:**

3

4
_____    Date: _9/12/25_

Juan Rodriguez (CA State Bar No. 282081)

5
Deputy Attorney General

6
California Department of Justice
Office of the Attorney General

7
300 South Spring Street, Suite 1702

8
Los Angeles, CA 90013
(213) 269-6192

9
juan.rodriguez@doj.ca.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**FOR THE STATE OF COLORADO**

Date: 9/16/2025

4

Brady J. Grassmeyer (CO Bar No. 47479)
Senior Assistant Attorney General

5

Colorado Department of Law
1300 Broadway, 10th Floor

6

Denver, CO 80203

7

(720) 508-6263
brady.grassmeyer@coag.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF CONNECTICUT**

_____      Date: _9/11/2025_

Caitlin Calder (CT State Bar No. 429604)
Connecticut Office of the Attorney General
Office of the Attorney General
165 Capitol Ave, Hartford, CT 06106
(860) 808-5020
caitlin.calder@ct.gov

**FOR THE STATE OF DELAWARE**

Date: 9/12/2025

Maryanne T. Donaghy (DE Bar No. 4213)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street 5th Floor
Wilmington, DE 19801
(302) 683-8843
maryanne.donaghy@delaware.gov

**FOR THE STATE OF FLORIDA**

*Jenny Hinton Knutton*                          Date: _9/11/25_
Jennifer Hinton Knutton (FL Bar No. 92771)
Chief-Assistant Attorney General, Orlando Bureau
Office of the Attorney General
State of Florida
Department of Legal Affairs
Consumer Protection Division
135 W. Central Blvd.,
Suite 1000
Orlando, FL 32801
(407) 316-4840
Jennifer.Knutton@myfloridalegal.com

**FOR THE STATE OF GEORGIA**

Date: 9/12/25

Lindsey Anderson (GA Bar No. 453201)
Assistant Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
404-458-3825
Landerson@law.ga.gov

1

**FOR THE STATE OF ILLINOIS**

2

*Kristin C Louis*                                    Date:    September 11, 2025

3

Kristin C. Louis (IL Bar No. 6255714)

4

Bureau Chief, Charitable Trust Bureau
Office of the Attorney General

5

State of Illinois

6

115 South LaSalle Street, 24th Floor
Chicago, Illinois 60603

7

(312) 814-2595
kristin.louis@ilag.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF INDIANA**

THEODORE E. ROKITA
INDIANA ATTORNEY GENERAL


_____    Date: September 12, 2025
Tamara Weaver (IN Bar No. 28494-64)
Deputy Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-7122
Fax: (317) 232-7979
Email:  Tamara.Weaver@atg.in.gov

1    **FOR THE STATE OF MARYLAND**

2    _Josaphine B. Yuzuik_                          Date:  9/15/2025

3    Josaphine B. Yuzuik
     Assistant Attorney General
4    Office of the Attorney General
     Office of the Secretary of State
5    16 Francis Street
     Annapolis, MD 21401
6    (410) 260-3855
7    Josaphine.yuzuik@maryland.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF NEW YORK**

Date: 9-11-2025

Peggy J. Farber (NY Bar No. 4342655)
Assistant Attorney General
Charities Bureau – Enforcement Section
New York State Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8785
peggy.farber@ag.ny.gov

1    **FOR THE STATE OF NORTH CAROLINA**

2

3

4    _M. Denise Stanford_                    Date: September 12, 2025

5    M. Denise Stanford (NC State Bar No. 17601)

6    Counsel for NC Secretary of State
     Special Deputy Attorney General

7    North Carolina Department of Justice

8    114 W. Edenton St. Raleigh, NC 27603
     (919) 716-6621

9    dstanford@ncdoj.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **FOR THE STATE OF NORTH CAROLINA**

2  _____  Date:

3  Llogan R. Walters (NC State Bar No. 51050)

4  Special Deputy Attorney General
   North Carolina Department of Justice

5  114 W. Edenton St. Raleigh

6  North Carolina 27603 (919) 716-6000
   lwalters@ncdoj.gov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  | **FOR THE STATE OF OKLAHOMA**

2

3  GENTNER DRUMMOND
   Attorney General
4

5

6  Leslie J. Friedlander (OK Bar No. 36493)          Date: 9/11/25

7  Office of the Oklahoma Attorney General
   313 N.E. 21st Street
8  Oklahoma City, OK 73105
9  Telephone: (405) 522-0682
   Email: Leslie.Friedlander@oag.ok.gov
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF OREGON**

*Heather L. Weigler*

Date: September 11, 2025

Heather L. Weigler (OR Bar No. 035900
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street, Portland, Oregon 97201
(971) 673-1880
Heather.L.Weigler@doj.state.or.us

1

**FOR THE STATE OF SOUTH CAROLINA**

2

3                                                                    Date: 9/15/2025

4      Shannon A. Wiley (SC State Bar No. 69806)
       General Counsel & Public Information Director
5      South Carolina Secretary of State's Office
       1205 Pendleton Street, Suite 525
6      Columbia, SC 29201
       (803) 734-0246
7      swiley@sos.sc.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **FOR THE STATE OF UTAH, UTAH DIVISION OF CONSUMER**
2    **PROTECTION**

3
4    _____     Date: ___09/11/2025___

5    Peishen Zhou (USB No. 18596)
     Assistant Attorney General
6    Counsel for Utah Division of Consumer Protection
     Office of the Attorney General for the State of Utah
7    Address: 160 East 300 South, 5th Floor
8    Salt Lake City, UT 84114
     Telephone: (801) 366-0310
9    Email: peishenzhou@agutah.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE COMMONWEALTH OF VIRGINIA,**
***EX REL.* JASON S. MIYARES,**
**ATTORNEY GENERAL**


_____    Date:   September 11, 2025____

Mark S. Kubiak (VSB NO. 73119)
Senior Assistant Attorney General
Chandler P. Crenshaw (VSB NO. 93452)
Assistant Attorney General
Office of the Attorney General of Virginia
Barbara Johns Building
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 786-7364
Email: mkubiak@oag.state.va.us
        ccrenshaw@oag.state.va.us

1   **FOR THE STATE OF WEST VIRGINIA**

2

3   JOHN B. MCCUSKEY
    Attorney General of West Virginia

4

5

6   _____    Date: 9/11/25

7   Michael M. Morrison (WV Bar No. 9822)
    Assistant Attorney General

8   Consumer Protection/Antitrust Division

9   Office of the West Virginia Attorney General
    1900 Kanawha Blvd., East

10  State Capitol Complex Bldg. 6, Suite 401

11  Charleston, WV 25305
    Telephone: (304) 558 -8986

12  Facsimile: (304) 558-0184

13  Email: Matt.M.Morrison@wvago.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **FOR THE STATE OF WISCONSIN**

2

3

4  *Laura E. McFarlane*                    Date: 9/23/25
   Laura E. McFarlane (WI Bar No. 1089358)

5  Assistant Attorney General

6  17 West Main Street
   P.O. Box 7857

7  Madison, WI 53707-7857

8  (608) 266-8911
   mcfarlanele@doj.state.wi.us

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR DEFENDANTS:**

Date: 9/11/25

Karen Donnelly
Colin Gregory
Copilevitz, Lam & Raney, P.C.
310 W. 20th Street, Suite 300
Kansas City, MO 64108
Telephone: (816) 472-9000
Email: kdonnelly@clrkc.com
        cgregory@clrkc.com

Counsel for Kars-R-Us.com, Inc.,
Michael Irwin, and Lisa Frank

DEFENDANT MICHAEL IRWIN

Date: 9/9/25

Michael Irwin, Individually

DEFENDANTS KARS-R-US.COM, INC. and LISA FRANK

Date: 9/9/2025

Lisa Frank, Individually and as an Officer
of Kars-R-Us.com, Inc.